SHAW, Justice.
We review orders in two separate cases in which the district court directed appellate counsel to provide supplemental An-ders briefs.* We have jurisdiction because the orders expressly affect public defenders, a class of constitutional officers. Art. V, § 3(b)(3), Fla. Const. We approve the order entered in Murray v. State, No. 88-1393 (Fla. 1st DCA July 14, 1989), but quash the order entered in McDonald v. State, No. 88-2907 (Fla. 1st DCA July 6, 1989).
The order in Murray provides:
On consideration of the initial brief filed by appellant pro se, the Public Defender is hereby given twenty (20) days from the date of this order in which to file an initial brief in support of the four issues raised by the appellant. The state shall have fifteen (15) days after service of the initial brief in which to file its answer thereto. The reply brief, if any, shall be filed within ten (10) days after service of the answer brief.
We have held that requiring supplemental briefs is within the district court’s inherent powers. In re Order of the First District Court of Appeal Regarding Brief Filed in Forrester v. State, 556 So.2d 1114, 1115 (Fla.1990) [Forrester ]. We noted that courts possess the authority to require supplemental briefs from counsel on any issue where confusion or doubt remains, and nothing in Anders undermines this inherent power. Forrester, at 1116. One of the fundamental points of Anders and its progeny is that, even though counsel finds no merit in an appeal, counsel must present to the court any argument that could reasonably support appellant’s theory, and a complete discussion of any possible points of merit. Forrester, at 1115-16. The order in Murray asks the public defender to file *1126 a brief in support of the issues raised by appellant pro se and thus is entirely consistent with the dictates of Anders and our opinion in Forrester. Therefore, we approve that order.
The order in McDonald, however, presents a different question. The order, in relevant part, provides:
Additionally the assistant public defender is directed to address whether the “stacked” mandatory minimum sentences might otherwise be affirmable under Palmer insofar as the underlying offenses were separate and distinct offenses.
(Emphasis added.) While a court has inherent authority to require supplemental briefs from counsel, in this instance the order requires the public defender to supply argument that his client’s conviction “might otherwise be affirmable.” Such a requirement places the public defender in an untenable position and nothing in An-ders or Forrester would support such a requirement. The thrust of the district
court’s opinion in Forrester v. State, 542 So.2d 1358 (Fla. 1st DCA 1989), approved in part, quashed in part, 556 So.2d 1114 (Fla.1990), was to insure that any arguably meritorious point would be urged in the appellant’s behalf. By contrast, the instant order requires that any arguably meritorious point against the appellant be argued by appellant’s counsel. Such a requirement unconstitutionally infringes upon a defendant’s right to effective assistance of counsel, as guaranteed by the sixth amendment to the United States Constitution. See Robinson v. Black, 812 F.2d 1084 (8th Cir.1987), cert. denied, — U.S. -, 109 S.Ct. 541, 102 L.Ed.2d 571 (1988). For this reason, we quash the order. We caution judges to carefully review each order directing the filing of supplemental briefs to insure that the order does not put counsel in a position where he or she is caught between the court’s directive and the client’s best interest.
Accordingly, the order in Murray is approved, the order in McDonald is quashed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, BARKETT, GRIMES and KOGAN, JJ., concur.

 In Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court established the procedure for what has become known as an "Anders brief." The Court held that appointed counsel may be permitted to withdraw from a case where the appeal is "wholly frivolous" and without merit. Id. at 744, 87 S.Ct. at 1400. However, in order to protect an appellant's constitutional rights, counsel who finds an appeal to be frivolous must file a brief "referring to anything in the record that might arguably support the appeal." Id. The Court then conducts its own examination of the record to determine if the appeal is indeed wholly frivolous. If so, the appellant proceeds without assistance of counsel.